## Clinton Athletic Club v. City of Lock Haven

*Henry Hipple*, for plaintiff.

*B. F. Geary*, for defendant.

BAIRD, P. J., August 4, 1936.—The Clinton Athletic Club, as plaintiff, and the City of Lock Haven, as de-

fendant, have filed in the prothonotary's office and submitted to the court an "agreed statement of facts" in what purports to be a "case stated for the opinion of the court".

We are of the opinion that it should be styled an "application for a declaratory judgment", and we shall consider it as such. No action, amicable or otherwise, had been entered at the time this agreed statement of facts was filed. It is essential to a case stated that there be a pending action to support it; if there be no action there can be no judgment: Smith v. Eline, 4 Dist. R. 490; Bedford Lodge I. O. O. F. No. 202 v. Lentz, 20 Pa. C. C. 269; Wallace v. Wallace, 30 Dist. R. 986.

It is agreed that the Clinton Athletic Club is a nonprofit corporation organized under the laws of Pennsylvania "for the purpose of carrying on and maintaining an athletic club for the promotion of athletics among its members by maintaining, equipping and operating a gymnasium; to promote amateur boxing exhibitions and other games conducive to the physical and mental development and amusement of its members; to maintain social rooms in connection therewith and to purchase, take or lease or otherwise acquire any lands, buildings or property, real and personal, which may be requisite and necessary for the purpose of, or capable of being used in connection with the carrying on and maintaining of said club".

It is also agreed, among other things, that the club is at no time open to the public generally, and that the club does not conduct any dances to which the general public is admitted.

We do not deem it necessary to refer more particularly to the agreed statement of facts.

The substance of the question submitted for the opinion of the court is: Does the placing of a nickel in a nickelodeon or mechanical piano in the rooms of the club by a member thereof, or nonmember guest, and dancing to the music produced thereby constitute the payment of such an admission or fee as is contemplated by the Act of June 23, 1931, P. L. 932, secs. 2630 and 2631, and thereby

constitute the club the holder of a public dance or public ball, as defined by the act? The question is answered in the negative. The language of the act of assembly defining a public dance or public ball is so unmistakably clear and free from doubt that it does not admit of construction, and the agreed statement of facts just as clearly excludes the plaintiff club as the holder of a public dance or public ball, as defined by the act.

Now, August 4, 1936, judgment is entered in favor of the plaintiff and against the defendant, with costs.